`

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| MARIA LOURDES SUAREZ, | ) | Case No. CV 08-3989-OP |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue which Plaintiff is raising as the ground for reversal and/or remand is whether Plaintiff retains the residual functional capacity ("RFC") to perform her past relevant occupation of hospital housekeeper.  (JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**The ALJ Properly Determined that Plaintiff Could Perform Her Past Relevant Work.**

Plaintiff contends that the ALJ improperly determined that she can perform

her past relevant work as a hospital housekeeper. (JS at 4-10, 14.) Specifically, Plaintiff argues that she cannot perform her past relevant work because she does not have the requisite language skills due to her illiteracy and inability to communicate in English, and she no longer retains the physical ability to perform the job. (Id. at 5.) The Court disagrees.[3]

Here, the ALJ relied on the opinions of Plaintiff's treating physicians and consultative examiners, combined with the medical record as a whole, to determine that Plaintiff retained the RFC to perform a range of medium work with no significant limitations. (AR at 23.) At the hearing, Plaintiff testified that she was previously employed as a housekeeper at Arcadia Methodist Hospital, and she quit her previous employment because she broke her leg. (Id. at 471.) Given the above limitations, the ALJ requested that the VE identify Plaintiff's vocational profile, including her past relevant work. (Id. at 475.) The VE identified Plaintiff's vocational profile and past relevant work as follows:

> Present age is age 54 which classifies her as a person closely approaching advanced age. She has a 6th grade education classfying [sic] her as a person with a marginal education. And as she testified here today she spoke very little English. She worked as a hospital, hospital cleaner, a hospital housekeeper, DOT code 323.687-010. That's medium and unskilled work with an SVP of two and according

---

[3] Plaintiff also argues that, "[t]he same analysis applies to any alternative work which the ALJ may have inquired about during the hearing." (JS at 14 n.5.) Regardless of Plaintiff's contention, the ALJ is not required to determine whether Plaintiff can perform alternative work if the ALJ properly determines that Plaintiff can perform her past relevant work. See Lester v. Chater, 81 F. 3d 821, 828 n.5 (9th Cir. 1995); see also Tackett v. Apfel, 180 F. 3d 1094, 1098 (9th Cir. 1999) (If a claimant is found "disabled" or "not disabled" at any step of the five-step analysis, there is no need to complete further steps.).

to 9E3 it appears she also performed it a medium level. (Id.) The VE then opined that if Plaintiff was limited to a range of medium work, she could perform her past relevant work of hospital housekeeper. (Id. at 476.) After reviewing the medical evidence and properly discounting Plaintiff's credibility, the ALJ agreed with the VE's conclusion and determined that Plaintiff could perform her past relevant work as hospital housekeeper.[4] (Id. at 23.)

### A.   Physical Demands.

Due to her alleged inability to stand and walk for seven hours, Plaintiff argues that she is unable to perform the job of hospital housekeeper. (JS at 5-6.) In the ALJ's RFC finding, the ALJ determined, inter alia, that Plaintiff can perform a range of medium work while sitting, standing, and walking for six hours in an eight-hour workday. (AR at 23.) While Plaintiff indicated that her past relevant job required her to stand and walk for seven hours, the VE determined that Plaintiff, contrary to her allegations, performed her past relevant work of hospital housekeeper at a medium level. (Id. at 123, 475-76.) Notably, the ALJ discounted Plaintiff's allegations of disabling pain and symptoms based on the adverse credibility finding. (Id. at 26-27.) The ALJ indicated that Plaintiff made many "[i]nconsistent statements," causing the ALJ "to be cautious accepting the claimant's allegations in the absence of substantial objective medical support."[5] (Id. at 27.) Thus, the ALJ's adverse credibility finding combined with the VE's testimony that Plaintiff performed her past work at a medium level both indicate that Plaintiff could perform the job of hospital housekeeper, both generally and as actually performed.

---

[4] See U.S. Dep't of Labor, Dictionary of Occupational Titles [hereinafter "DOT"], § 323.687-010 (4th ed. Rev. 1991).

[5] Plaintiff does not dispute the ALJ's credibility finding. (See generally JS.) Accordingly, the Court will not address this issue.

**B.     Language Requirement.**

Plaintiff argues that her illiteracy and inability to communicate in English also prevent her from performing her past relevant work. (JS at 5-7.)

Hospital Housekeeper requires the ability to perform medium work with a Language Level of two. See DOT § 323.687-010. Level two provides that a claimant will be able to fulfill the following reading, writing, and speaking requirements:

> Reading: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
>
> Writing: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.
>
> Speaking: Speak clearly and distinctly with appropriate pauses and emphasis, correction punctuation, variations in word order, using present, perfect, and future tenses.

DOT App. C § III. Language development and reasoning development are two of three divisions comprising the General Educational Development ("GED")[6] Scale. Id.

Plaintiff incorrectly argues that the Commissioner bears the burden of proving that Plaintiff is illiterate and unable to communicate in English. (JS at 6

---

[6] The GED scale "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study." DOT App. C.

citing Silveira v. Apfel, 204 F. 3d 1257, 1261 n.14 (9th Cir. 2000).) The court in Silveira held that the Commissioner, at step five, bears the burden of establishing that plaintiff can perform other work given a plaintiff's RFC, age, education, and work experience. Id.; see also Bustamante v. Massanari, 262 F. 3d 949, 953-54 (9th Cir. 2001.) However, the present case is a step-four issue and is, thus, unlike the burden required in Silveira. A claimant has the burden of proof at steps one through four of proving an inability to perform past relevant work, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 & n.3. Thus, Plaintiff, not the Commissioner, bears the burden of proving that her language skills prevented her from performing her past relevant work. Id.

Plaintiff argues that the record supports her contention that she is illiterate and unable to communicate English for the following reasons: (i) she spoke in Spanish to the social security field officer; (ii) she required interpretation services at the hearing and during a consultative exam; and (iii) on her application for benefits, she stated that she is unable to read, write, or speak in English. (JS at 5.) However, the record belies Plaintiff's contention. At the hearing, Plaintiff testified that she spoke "very little" English. (AR at 473.) Plaintiff also admitted to taking and passing a nurse's assistant certification test, which was administered in English. (Id.) Next, there are several instances in the record where Plaintiff's treating and consultative physicians instructed her in English. (Id. at 388-89, 399-03, 417, 425-26.) In 2006, a patient chart summary noted that Plaintiff had no physical, cognitive or language "barriers to learning," and her patient education was provided in English. (Id. at 403.) Thus, Plaintiff's contention that she was illiterate and unable to communicate in English is unsupported by the record. Moreover, as stated above, the ALJ discounted Plaintiff's contentions

1  based on an adverse credibility finding, which Plaintiff does not dispute. See
2  supra Part III.A.  Accordingly, the Court finds that Plaintiff has failed to prove
3  that she is illiterate and unable to communicate in English.
4      To the extent Plaintiff argues that a conflict exists between the VE's
5  testimony and the DOT regarding language requirements, Plaintiff's argument is
6  without merit.  When there is an apparent unresolved conflict between the VE
7  testimony and the DOT, the ALJ must elicit a reasonable explanation from the VE
8  to resolve the conflict.  SSR 00-4p.  However, there is no apparent conflict
9  between the VE testimony and the DOT.  The VE explicitly included Plaintiff's
10 testimony that she spoke "very little English" in finding that Plaintiff could
11 perform her past relevant work.  (AR at 475-76.)  When asked if his opinions
12 were consistent with the DOT, the VE answered in the affirmative.  (Id. at 476.)
13 Moreover, Plaintiff fails to explain how the language level two required of a
14 hospital housekeeper necessarily conflicts with her allegation that she spoke little
15 English.  Thus, the Court is unable to find a that a conflict exists between the VE
16 testimony and the DOT regarding language requirements.
17      Based on the foregoing, the Court finds that the ALJ properly determined
18 that Plaintiff could perform his past relevant work.  Thus, there was no error.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: September 15, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge